UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMUEL LIRIANO,** : | |
| : | **CIVIL ACTION NO. 3:21-1162** |
| **Petitioner** : | |
| : | **(JUDGE MANNION)** |
| **v.** : | |
| **STEPHEN SPAULDING,** : | |
| : | |
| **Respondent** : | |

## MEMORANDUM

Petitioner Samuel Liriano ("Liriano"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), presently confined at the Federal Prison Camp, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He seeks an order directing the BOP to award Petitioner his Earned Time Credit he has accumulated under the First Step Act of 2018 ("FSA"), 18 U.S.C. §3632(d)(4)(A) and "to allow them to be utilized for release to Home Confinement/RRC/Supervised Release." Id.

For the reasons that follow, the petition will be dismissed for Petitioner's failure to exhaust administrative remedies. Because the exhaustion doctrine bars consideration of the above captioned action, the Court need not consider any other arguments raised by the parties.

<0>

<0>
<0>
<0><0>
<0><0><0>
<0><0>

<0>
<0>

<0>
<0>

<0>

<0>

<0>

<0>
<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>
<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>

<0>
<0>

<0>

<0>

<0>

<0>

<0>

## I. Background

The Bureau of Prisons (BOP) has an administrative remedy procedure with respect to inmate complaints, namely 28 C.F.R. §542.10, *et seq*.

The BOP's Administrative Remedy Program allows an inmate to seek formal review of an issue relating to any aspect of his confinement. 28 C.F.R. §542.10(a). Before seeking formal review, an inmate must first attempt to resolve the matter informally by presenting his complaint to staff on an Informal Resolution Attempt form commonly referred to as a BP-8. 28 C.F.R. §542.13(a). If informal resolution is unsuccessful, the inmate may then seek relief from the warden with the submission of a Request for Administrative Remedy, commonly referred to as a BP-9. 28 C.F.R. §542.14. The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the event which is the subject of the remedy. Id.

If the inmate is not satisfied with the warden's response, he has twenty days from the date of the response, to file a BP-10, Regional Administrative Remedy Appeal, with the Regional Director. 28 C.F.R. §542.15(a). If the response of the Regional Director is not satisfactory, the inmate may then file, within thirty days of the response, a Central Office Administrative Remedy Appeal or BP-11 with the BOP's General Counsel. Id. An inmate's appeal to the Central Office is the final administrative level of appeal in the

BOP. 28 C.F.R. §542.14(b).

A review of Petitioner's Administrative Remedy Generalized Retrieval reveals that Liriano has filed three administrative remedies, all concerning his request for compassionate release and none pertaining to earned time credits under the FSA. (Doc. 7-1 at 9-12, Administrative Remedy Generalized Retrieval). Liriano does not refute this.

## II. Discussion

Respondent argues that the petition should be denied based on Liriano's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 7, pp. 6-9).

Despite the absence of a statutory exhaustion requirement attached to §2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under §2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters

administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Significantly, exhaustion is not required where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). See also, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (concluding exhaustion is not required where petitioner demonstrates futility); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (finding that exhaustion is not required where delay would subject petitioner to "irreparable injury").

The record reflects that Liriano did not file any administrative remedies pertaining to earned time credits under the FSA, while in BOP custody. (Doc. 7 at 6-9). Petitioner does not dispute this. (Doc. 1 at 2).

Here, Petitioner admits in the petition that he has failed to exhaust his administrative remedies but argues that requiring him to exhaust would be futile. In certain circumstances, courts have excused the exhaustion requirement, including when requiring a prisoner to exhaust his administrative remedies would be futile or the issue involves only statutory construction. See, e.g., Coleman v. U.S. Parole Comm'n, 644 F. App'x 159,

162 (3d Cir. 2016) (stating that "exhaustion is not required with regard to claims which turn only on statutory construction"); Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (finding exhaustion excused upon petitioner showing futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir.1988) (finding exhaustion excused when agency actions clearly and unambiguously violate statutory or constitutional rights); Carling v. Peters, No. 00-cv-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (holding that exhaustion excused where delay would subject petitioner to irreparable injury in the context of military enlistment).

      Petitioner cites a decision from the United States District Court for the District of New Jersey, Goodman v. Ortiz, No. 20-cv-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), where the court excused the petitioner's failure to exhaust his administrative remedies because the issue involved in his habeas petition involved only statutory construction. There, both parties admitted that the petitioner had completed the activities needed for an earlier release date under the First Step Act, 18 U.S.C. § 3632(a), and that petitioner was eligible for these additional time credits due to his completion of these activities. The respondent, however, contended that it was not required to award this additional time credit to the petitioner until after the two-year phase in period for the statute had expired on January 15, 2022. Goodman

is inapplicable to Petitioner's circumstance because the parties dispute whether Petitioner has successfully completed programs that he would be eligible for additional time credits under the First Step Act. (See Doc. 7 at 6). Thus, the issue here is not one only involving statutory construction.

Petitioner presents no facts from which this Court could conclude that exhaustion would be futile. He does not demonstrate futility by identifying BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Because Petitioner has not alleged facts that would permit a finding that exhaustion would have been futile, or that requiring exhaustion would subject him to irreparable injury, the petition will be dismissed for failure to exhaust administrative remedies.[1] To hold otherwise

---

[1] The Court notes that the administrative remedy process is still available to Petitioner, and thus Petitioner's claim is not procedurally defaulted. In the alternative, if the claim were procedurally defaulted, Petitioner has failed to present any cause for his failure to exhaust his administrative remedies. See Moscato, 98 F.3d at 761 ("[I]f a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice.").

would frustrate the purposes of the exhaustion doctrine by allowing him to invoke the judicial process despite failing to complete administrative review.

### III.  Conclusion

For the foregoing reasons, Liriano's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed without prejudice

A separate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED:  December 29, 2021**
21-1162-01